DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dorothy Gaffney, et al., | ) | |
| | ) | CASE NO. 5:08 CV 76 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| Federal Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiffs in this case, Dorothy and Edward Gaffney (Gaffneys), were the defendants in a case previously before Judge Gwin, Case No. 5:07 CV 155 (Underlying Action).  The Underlying Action was brought against the Gaffneys by the Committee of Unsecured Creditors of Air Enterprises (Committee) on behalf of the Bankruptcy Estate of Air Enterprises for negligence, breach of fiduciary duty, deepening insolvency, and corporate waste for their acts as directors and officers of debtor Air Enterprises.[1]

The Gaffneys allege in the above-captioned case that the Committee's claims against them are covered by an insurance policy (number 8151-9298) issued to Air Enterprises, which included directors and officers coverage (Policy).  However, defendant Federal Insurance Company (Federal) declined the Gaffneys coverage under the Policy.

---

[1] The Committee's complaint against the Gaffneys was initially filed in the Bankruptcy Court with that court's permission.  That complaint transferred to Judge Gwin when he granted the Committee's motion to withdraw the reference to bankruptcy.

(5:08 CV 76)

Consequently, the Gaffneys seek declaratory judgment that Federal has an obligation under the Policy to defend, indemnify, and pay defense costs in connection with the Committee's claims against them. In addition, plaintiffs allege that Federal's failure to defend, indemnify and pay defense costs constitutes a breach of contract and bad faith denial of coverage.

Federal has moved to bifurcate and stay discovery of plaintiffs' bad faith claim (Document 14). Plaintiffs have opposed Federal's motion (Document 17) and Federal has replied (Document 20). For the reasons discussed below, Federal's motion to bifurcate and stay plaintiffs' bad faith claim is denied.

## I. BACKGROUND

This case arises out of the Chapter 11 bankruptcy proceedings for Air Enterprises. Air Enterprises was operated by the late Edward Gaffney, Sr., who was the sole shareholder. When Edward Gaffney, Sr. died, plaintiffs Dorothy Gaffney and Edward Gaffney, Jr. assumed various roles in the company.[2]

Prior to Edward Gaffney, Sr.'s death, Air Enterprises filed a voluntary petition for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the Northern District of Ohio. The Committee sought and obtained permission of the Bankruptcy Court to file a complaint on behalf of Air Enterprises against Dorothy Gaffney and Edward Gaffney, Jr. for negligence, breach of fiduciary duty, deepening insolvency, and corporate waste. The Committee's complaint came before Judge Gwin when he granted the Committee's motion

---

[2] The parties disagree as to the nature and circumstances of the Gaffneys' roles in Air Enterprises. However, this dispute is not relevant to the Court's decision regarding defendant's motion to bifurcate and stay plaintiffs' bad faith claim.

2

(5:08 CV 76)

to withdraw the reference to bankruptcy.

The Gaffneys contend that the Committee's claims against them are covered claims under the Policy.  This action for insurance coverage arose because Federal refused to provide coverage to the Gaffneys for the Committee's claims.

## II.  LAW AND ANALYSIS

A.    <u>Defendant's Motion to Bifurcate and Stay</u>

Federal advances the following arguments in support of its motion to bifurcate plaintiffs' bad faith claim and stay discovery on that claim until the coverage claims are resolved:

1.    Bifurcation will advance the goals convenience, expedience and economy of Rule 42(b) of the Federal Rules of Civil Procedure by not having to entertain the bad faith claim if there is no coverage under the Policy.

2.    Bifurcation will not prejudice plaintiffs and will save plaintiffs the time and expense of engaging in unnecessary discovery if the coverage claims are resolved in Federal's favor.

3.    Simultaneous discovery and litigation of the bad faith claim and coverage claims creates a substantial risk of prejudice to Federal.

B.    <u>Stay of Discovery</u>

The decision whether to stay discovery of plaintiffs' bad faith claim is inherent to the Court's power to regulate discovery and within the sound discretion of the Court.  *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund,* 349 F.3d 300, 304 (6th Cir. 2003)(quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

Federal argues that staying the bad faith claim will save plaintiffs the time and expense of engaging in what may be unnecessary discovery if the coverage claims are resolved in Federal's favor.  Federal further argues in support if its motion that allowing discovery on the bad faith

3

(5:08 CV 76)

claim will prejudice its defense of the coverage claim by requiring the disclosure of privileged information prior to resolution of the coverage claim.

The courts have not concluded that defendants in bad faith cases will automatically be prejudiced by simultaneous discovery of coverage and bad faith claims or that a stay of discovery is always warranted.  The circumstances of each case must be examined.  *Maxey v. State Farm Fire & Casualty Co.,* 2008 WL 2074029 at 3* (S.D. Ohio)(citing *Bondex Int'l, Inc. v. Hartford Accident & Indem. Co.,* 2004 LEXIS 28795 (N.D. Ohio)).

Federal argues that discovery of the bad faith claim will prejudice its defense of the coverage claim.  However, the parties have not yet engaged in discovery, and whether plaintiffs' discovery requests will involve privileged documents or will prejudice defendant is unknown at this time.  Further, Federal has not offered any specifics as to how it will be prejudiced by simultaneous discovery beyond merely asserting that allowing discovery of the bad faith claim will prejudice its ability to defend the coverage claim.

Even if Federal were able to provide specifics regarding prejudice resulting from simultaneous discovery of the coverage and bad faith claims, prejudice to defendant is only one factor to be considered in analyzing a motion for stay of discovery.  Other factors include prejudice to plaintiff and judicial economy.

Federal argues that if it prevails on the coverage claims, discovery on the bad faith claim would be a complete waste of time and money, which will prejudice plaintiffs.  However, if plaintiffs prevail on the coverage claims, the scenario proposed by Federal would result in the following sequence: 1) discovery on coverage; 2) trial on coverage; 3) discovery on bad faith;

4

(5:08 CV 76)

and  4) trial on bad faith.  This sequence would result in protracted and duplicative discovery that would significantly increase both discovery and trial costs, and significantly extend the case management timeline of this case, resulting in both prejudice the plaintiffs and wasted judicial resources.  In addition, separating discovery will inevitably result in discovery disputes as to whether plaintiffs' discovery requests during the coverage phase implicates the bad faith claim.

By conducting simultaneous discovery of the coverage and bad faith claims, some discovery disputes will be eliminated and discovery will not be duplicated where documents and witnesses are relevant to both claims, resulting in a shorter overall discovery time.  In addition, should the Court ultimately bifurcate these claims for trial, the trials could follow one after the other, resulting in more expeditious resolution of the case.

In balancing the equities, the Court concludes that the resulting prejudice to plaintiffs and negative impact on judicial economy outweighs the speculative prejudice to Federal that may result from simultaneous discovery of the coverage and bad faith claims.  *Id.*  (citing *Garg v. State Automobile Mutual Insurance Company,* 155 Ohio App.3d 258 (2003); *Boone v. Vanliner Insurance Co.,* 91 Ohio St.3d 209 (2001)).  Accordingly, Federal's motion to stay discovery of the Gaffneys' bad faith claim is denied.

C.      Bifurcation of Bad Faith Claim

Federal also moves for bifurcation of the bad faith claim pursuant to Rule 42(b) of the Federal Rules of Civil Procedure.  Rule 42(b) permits a court to order a separate trial of one or more claims for convenience, to avoid prejudice, or to expedite and economize.  The Rule places the decision to bifurcate within the discretion of the Court, which is dependent on the

5

(5:08 CV 76)

facts and circumstances of each case. *Saxion v. Titan-C-Manufacturing, Inc.,* 86 F.3d 553, 556 (6th Cir. 1996).

There has yet to be discovery or motion practice in this case. Many of the facts and circumstances that are relevant to the balancing of interests required of the Court in exercising its discretion to bifurcate are unknown at this time.

The Court concludes that it is premature to exercise its discretion on the issue of bifurcation in this case. Therefore, Federal's motion to bifurcate is denied without prejudice as premature with leave to renew its motion to bifurcate at a later time.

III. CONCLUSION

For the reasons discussed herein, defendant's motion to stay discovery of plaintiffs' bad faith claim is denied. Defendants' motion to bifurcate plaintiffs' bad faith claim is denied without prejudice. (Document 14).

At this time, the Court opens discovery for plaintiffs' claims for declaratory judgment,[3] breach of contract,[4] and bad faith[5] for the period of time up to the dismissal of the Underlying Action only. Discovery is stayed as to plaintiffs' claims for present and future coverage until further order of the Court.[6]

---

[3] Count 1 - Past, present and future defense costs.
  Count 2 - Indemnification.
  Count 3 - Duty to defend.

[4] Count 4 - Breach of contract.

[5] Count 5 - Bad faith denial of coverage.

[6] The Underlying Action was dismissed pursuant to a stipulation of voluntary dismissal without prejudice
(continued...)

6

(5:08 CV 76)

The limited discovery described above is open until December 12, 2008.  The Court will conduct a status conference on December 19, 2008, at 12:30 p.m.

IT IS SO ORDERED.

August 21, 2008                                *S/ David D. Dowd, Jr.*
Date                                            David D. Dowd, Jr.
                                                         U.S. District Judge

---

[6](...continued)
filed on February 7, 2008.  Defendant has moved to dismiss Counts 2 and 3, and portions of Counts 1, 4 and 5.  The Court will not rule on defendant's motion to dismiss prior to the status conference scheduled for December 19, 2008.